1

2

3

4

5

6

7

8              United States District Court

9              Eastern District of California

10

11

12   Anthony R. Turner,

13          Plaintiff,              No. Civ. S 02-0543 MCE PAN P

14      vs.                         Findings and Recommendations

15   Cheryl Pliler, et al.,

16          Defendants.

17                        -oOo-

18      Plaintiff is a state prisoner without counsel prosecuting a

19   civil rights action.

20      The action proceeds on the July 8, 2003, amended complaint

21   against defendants Vernon and Dixon.

22      Plaintiff, who is psychotic, alleges defendants violated his

23   right to constitutionally adequate medical care.  Plaintiff

24   alleges under penalty of perjury that defendant Vernon

25   intentionally poured the wrong medication down plaintiff's throat

26   while plaintiff's hands were cuffed behind his back, causing

plaintiff to collapse into a "seizure, blackout and a serious

painful migraine, head injury, severe stomach[] and abdominal

cramps, and sharp severe internal pains." Amended Complaint at

10. Vernon informed Dixon of the error, and Dixon failed to

order appropriate emergency treatment. In an effort to conceal

the error, Dixon dosed plaintiff with Benadryl, failed to order

plaintiff's stomach pumped, and injected plaintiff with a

"knockout" drug. Vernon and Dixon entered a "conspiracy" to hide

the problem.

March 18, 2005, defendant Vernon moved for summary judgment.

Plaintiff did not oppose.

In seeking summary judgment the moving party must establish

that no genuine issue of material fact exists and that the moving

party is entitled to judgment as a matter of law. Fed. R. Civ.

P. 56(c). An issue is "genuine" if the evidence is such that a

reasonable jury could return a verdict for the opposing party.

Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986). A fact is

"material" if it affects the right to recover under applicable

substantive law. Id. The moving party must submit evidence that

establishes issues upon which the movant bears the burden of

proof; if the movant does not bear the burden of proof on an

issue, the movant need only point to the absence of evidence to

support the opponent's burden. Celotex Corp. v. Catrett, 477

U.S. 317, 324 (1986). To avoid summary judgment on an issue upon

which the opponent bears the burden of proof, the opponent must

present affirmative evidence sufficiently probative such that a

1   jury reasonably could decide the issue in favor of the opponent.

2   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

3   588 (1986).  When the conduct alleged is implausible, stronger

4   evidence than otherwise required must be presented to defeat

5   summary judgment.  Id. at 587.

6       In considering summary judgment, this court should view the

7   evidence in the light most favorable to the nonmoving party.

8   Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004).  Where the

9   nonmoving party is pro se this court should "consider as evidence

10  in his opposition to summary judgment all . . . contentions

11  offered in motions and pleadings, where such contentions are

12  based on personal knowledge and set forth facts that would be

13  admissible in evidence . . . attested under penalty of perjury

14  . . . as true and correct."  Id.

15      "The unnecessary and wanton infliction of pain upon

16  incarcerated individuals under color of law constitutes a

17  violation of the Eighth Amendment . . ." McGuckin v. smith, 974

18  F.2d 1050, 1059 (9th Cir. 1991).  A violation of the Eighth

19  Amendment occurs when prison officials deliberately are

20  indifferent to a prisoner's medical needs.  Id.  As the Ninth

21  Circuit recently stated in Toguchi v. Chung, 391 F.3d 1051 (9th

22  Cir. 2004), the threshold for a medical claim under the Eighth

23  Amendment is extremely high:

24          A prison official acts with "deliberate indifference .
            . . only if [he] knows of and disregards an excessive
25          risk to inmate health and safety."  Gibson v. County of
            Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002)
26          (citation and internal quotation marks omitted).  Under

1  this standard, the prison official must not only "be
   aware of facts from which the inference could be drawn
2  that a substantial risk of serious harm exists," but
   that person "must also draw the inference." <u>Farmer v.</u>
3  <u>Brennan</u>, 511 U.S. 825, 837 (1994).  "If a [prison
   official] should have been aware of the risk, but was
4  not, then the [official] has not violated the Eighth
   Amendment, no matter how severe the risk."  <u>Gibson</u>, 290
5  F.3d at 1188 (citation and footnote omitted).  This
   "subjective approach" focuses only "on what a
6  defendant's mental attitude actually was."  <u>Farmer</u>, 511
   U.S. at 839.  "Mere negligence in diagnosing or
7  treating a medical condition, without more, does not
   violate a prisoner's Eighth Amendment rights."
8  <u>McGuckin</u>, 974 F.2d at 1059 (citation omitted).

9       In seeking summary judgment, Vernon submits his own

10  declaration that he followed prison procedures in giving

11  plaintiff the medicine, which was dispensed by others and

12  distributed to Vernon in an envelope, and he gave the medicine

13  after plaintiff identified himself and examined the contents of

14  the cup.  Vernon declares plaintiff voluntarily swallowed the

15  pills and Vernon believes plaintiff received the proper

16  medication.  He declares his duties do not include providing

17  medical care or treatment and he had no control over how

18  plaintiff was treated after the medication was ingested.  He has

19  not had any conversation or communication with Dixon regarding

20  the allegations of the pleading and he did not conspire with

21  Dixon to "cover up" anything.  Vernon meets his burden in seeking

22  summary judgment.

23       Plaintiff's statement about what Vernon intended is not

24  competent evidence because plaintiff cannot directly know

25  Vernon's intent except through Vernon's admissions or the

26  circumstances.  Vernon denies mal intent and the only

1   circumstantial evidence provided by plaintiff is of negligence,
2   at worst.

3        Accordingly, the court concludes defendant Vernon is
4   entitled to summary judgment and recommends that his March 18,
5   2005, motion be granted.

6        Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
7   findings and recommendations are submitted to the United States
8   District Judge assigned to this case.  Written objections may be
9   filed within 20 days of service of these findings and
10  recommendations.  The document should be captioned "Objections to
11  Magistrate Judge's Findings and Recommendations."  The district
12  judge may accept, reject, or modify these findings and
13  recommendations in whole or in part.

14       Dated:  June 2, 2005.

15                              /s/ Peter A. Nowinski
16                              PETER A. NOWINSKI
                                Magistrate Judge
17

18

19

20

21

22

23

24

25

26