IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

       Plaintiff,                           No. CIV S-02-0543 MCE PAN P

    vs.

CHERYL PLILER, et al.,

       Defendants.                   FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On July 27, 2005, defendants filed a motion for summary judgment.  On April 7, 2003, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).  In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion might be deemed a waiver of opposition to the motion.

        On February 24, 2006, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within twenty days.  In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be

1

1 dismissed pursuant to Fed. R. Civ. P. 41(b).  The twenty day period has now expired and plaintiff
2 has not responded to the court's order.

3        "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
4 an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,
5 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  "In determining whether to dismiss a case for
6 failure to comply with a court order the district court must weigh five factors including:  '(1) the
7 public's interest in expeditious resolution of litigation;  (2) the court's need to manage its docket;
8 (3) the risk of prejudice to the defendants;  (4) the public policy favoring disposition of cases on
9 their merits;  and (5) the availability of less drastic alternatives.'"  Ferdik, at 1260-61 (quoting
10 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
11 F.3d 52, 53 (9th Cir. 1995).

12        In determining to recommend that this action be dismissed, the court has
13 considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly
14 support dismissal of this action.  The action has been pending for four years and has reached the
15 stage, set by the court's October 5, 2004 scheduling order, for resolution of dispositive motions
16 and, if necessary, preparation for pretrial conference and jury trial.  (See Scheduling Order, filed
17 October 5, 2004.)  Plaintiff's failure to comply with the Local Rules and the court's February 24,
18 2006, order suggests that he has abandoned this action and that further time spent by the court
19 thereon will consume scarce judicial resources in addressing litigation which plaintiff
20 demonstrates no intention to pursue.

21        The fifth factor also favors dismissal.  The court has advised plaintiff of the
22 requirements under the Local Rules and granted ample additional time to oppose the pending
23 motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

24        Under the circumstances of this case, the third factor, prejudice to defendants
25 from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to
26 oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, at

1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  See Ferdik, at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2006.

UNITED STATES MAGISTRATE JUDGE

001;.turn0543.46f